**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**EDWARD M. LYMAN, ESQ. (SBN 248264)**
Email: elyman@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA SEGURA, individually and as Successor in Interest to Nicholas Segura, deceased, MANUEL SEGURA, individually and as Successor in Interest to Nicholas Segura, deceased, and VICTOR SEGURA, individually,<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF SAN BERNARDINO; and DOES 1 through 10, inclusive,<br><br>        Defendants. | **CASE NO.:**<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1.  **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)**<br><br>2.  **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Substantive Due Process Violations)**<br><br>3.  **Violations of Civil Rights (Cal. Civ. Code § 52.1)**<br><br>4.  **Wrongful Death (Based on Battery)**<br><br>5.  **Wrongful Death (Based on Negligence)**<br><br>6.  **Negligent Infliction of Emotional Distress**<br><br>7.  **False Imprisonment** |

THE COCHRAN FIRM– CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

## JURISDICTION AND VENUE

1.      Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2.      Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

3.      Plaintiff MARIA SEGURA is, and at all relevant times mentioned herein was, a resident of the County of San Bernardino and State of California. Plaintiff MARIA SEGURA is the surviving biological mother of decedent NICHOLAS SEGURA.

4.      Plaintiff MANUEL SEGURA is, and at all relevant times mentioned herein was, a resident of the County of San Bernardino and State of California. Plaintiff MANUEL SEGURA is the surviving biological father of decedent NICHOLAS SEGURA.

5.      Plaintiff VICTOR SEGURA is, and at all relevant times mentioned herein was, a resident of the County of San Bernardino and State of California. Plaintiff VICTOR SEGURA is the surviving biological brother of decedent NICHOLAS SEGURA.

6.      Defendant CITY OF SAN BERNARDINO ("CITY") is and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

7.      Plaintiffs are informed and believe, and there upon allege, that Defendant DOE 1 ("DOE 1") is, and at all relevant times mentioned herein was, a resident of the County of San Bernardino and State of California. Further, at all times relevant to the acts and omissions herein alleged, Defendant DOE 1 was a sworn peace officer employed by the Defendant CITY and the San Bernardino Police Department.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

8.     On or around May 24, 2021, a timely Claim for Damages was submitted to the City of San Bernardino, in substantial compliance with California Government Code § 910, et seq. At the time of the filing of this Complaint, said Claim has been denied.

9.     Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them.

10.    Plaintiffs are informed, believe, and thereon allege that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matter herein alleged. Plaintiffs will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

11.    Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

12.    Plaintiffs are informed, believe, and thereon allege that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

13.    This Complaint concerns a fatal officer-involved shooting which occurred during the evening hours of Monday, November 27, 2020, at or around the premises of the 2394 Adams Street, in the City of San Bernardino, when heretofore unknown San Bernardino City Police Department Officers while acting under the color of law and in

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone ; (323) 282-5280 Facsimile

3

the course and scope of their employment with the City of San Bernardino and the San Bernardino City Police Department negligently assessed the circumstances presented to them, and then violently confronted Nicholas Segura ("Mr. Segura") without having probable cause or reasonable suspicion to believe that Mr. Segura had committed a crime, or would commit a crime in the future.

14.     During the course of the detention of Plaintiffs' decedent, Mr. Segura, San Bernardino City Police Department officers negligently assessed the circumstances presented to them, and then violently confronted Mr. Segura. Without warning as to the impending use of lethal force, Defendant Officer DOE 1 proceeded to assault and batter Mr. Segura by acts which included, but were not limited to, repeatedly and unjustifiably discharging his department-issued firearm at the person of Mr. Segura, inflicting multiple gunshot wounds to Mr. Segura's person. At no time during the course of these events did Mr. Segura pose any reasonable or credible threat of violence to the responding officers, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Mr. Segura suffered severe injuries as a direct and proximate result of the gunshot wounds inflicted upon his person by DOE 1.

15.     Plaintiffs further contend that DOE 1 was negligently hired, trained, and retained by the City of San Bernardino and the San Bernardino City Police Department, in that it was or should have been plainly obvious to the City of San Bernardino and the San Bernardino Police Department that DOE 1 was a dangerous and violent employee, prone to discharge his firearm without reasonable justification, and in a manner that demonstrates callous disregard for the rights and safety of third parties, and to assault and batter, persons and/or use unnecessary, unreasonable, deadly, and/or unlawful physical force without reasonable justification, all of which was a further proximate cause of the injuries sustained by Mr. Segura as a result of the subject officer-involved shooting incident. Plaintiffs further contend that the death of Plaintiffs' decedent and the injuries suffered by Plaintiffs' decedent and Plaintiffs were the proximate result of

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

unconstitutional policies and customs of the City of San Bernardino and the San Bernardino City Police Department, which include, but are not limited to, unjustifiably using excessive force, unjustifiably using deadly force against non-dangerous civilians and suspects, inadequately training and supervising patrol officers with respect to the reasonable and proper use of deadly force, inadequately training and supervising patrol officers with respect to the reasonable and proper police procedures for the arrest and detention of mentally ill suspects, as well as the deliberate and conscious approval, endorsement, and ratification of unconstitutional seizures, unconstitutional uses of deadly force, and other unconstitutional acts by authorized final policymakers within the City of San Bernardino and the San Bernardino City Police Department.

### FOR THE FIRST CAUSE OF ACTION
**By Plaintiffs MARIA SEGURA and MANUEL SEGURA**
**Against DOE 1 For Violations of Civil Rights**
**[42 U.S.C. §1983]**
**(Based on Unreasonable Use of Deadly Force)**

16.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

17.     This cause of action is in part brought on behalf of decedent NICHOLAS SEGURA, by and through his Successors in Interest, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to NICHOLAS SEGURA by the Fourth Amendment to the Constitution of the United States, which include, but are not limited to, the right to be free from unreasonable governmental seizures of his person.

18.     Plaintiffs are informed, believe, and thereon allege that at all times mentioned herein, Defendant CITY employed the individual Defendants named herein, including the heretofore unknown DOE 1. Defendant CITY provided its individual employees and agents with official badges and identification cards which designated ad

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

described the bearers as employees of the Defendant CITY and the San Bernardino City Police Department.

19. At all times relevant to the acts and omissions herein alleged, all individual defendant officers were employed by the Defendant CITY and the San Bernardino City Police Department, and were acting under color of state law and in the course and scope of their employment with Defendant CITY and the San Bernardino City Police Department.

20. During the evening hours of November 27, 2020, Plaintiffs' decedent, NICHOLAS SEGURA, a mentally ill man, was present on or around the premises of 2394 Adams Street, in the City of San Bernardino, when Defendant DOE 1, while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the San Bernardino City Police Department, negligently assessed the circumstances presented to them, and then violently confronted Plaintiff's decedent, NICHOLAS SEGURA, without having probable cause or reasonable suspicion to believe that NICHOLAS SEGURA had committed a crime, or would commit a crime in the future.

21. Without warning as the impending use of lethal force, DOE 1 proceeded to assault and batter NICHOLAS SEGURA by acts which included, but were not limited to repeatedly and unjustifiably discharging his department-issued firearm at the person of NICHOLAS SEGURA in a manner that demonstrated deliberate indifference to his constitutional rights. After a significant and appreciable period of time had passed following the shooting, NICHOLAS SEGURA died as a direct and proximate result of the gunshot wounds inflicted upon his person by Defendant DOE 1.

22. At no time during the course of these events did NICHOLAS SEGURA pose any reasonable or credible threat of death or serious bodily injury to DOE 1, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, NICHOLAS SEGURA posed no reasonable or credible threat of death or

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

serious bodily injury to DOE 1, nor to any other individual. Both prior to and during the time in which he was shot dead, NICHOLAS SEGURA made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable peace officer that he was armed with any kind of weapon, or had the will, or the ability, to inflict substantial bodily harm upon any individual. Both prior to and during the time in which DOE 1 shot and killed NICHOLAS SEGURA, DOE 1 was not faced with any circumstances which would have led a reasonable peace officer to believe that NICHOLAS SEGURA posed an immediate threat of death or serious bodily injury to any person.

23.    At all times mentioned herein, DOE 1 acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant CITY. DOE 1 deprived NICHOLAS SEGURA of the rights, privileges and/or immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

24.    NICHOLAS SEGURA had the right to be free from unreasonable governmental seizures of his person, a right which was secured to NICHOLAS SEGURA, by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. §1983. All of these interests were implicated by the wrongful conduct of DOE 1, which proximately caused the death of NICHOLAS SEGURA.

25.    Plaintiffs are informed, believe, and thereon allege that in unreasonably seizing the person of NICHOLAS SEGURA, as described in the foregoing paragraphs of this Complaint, DOE 1 acted outside the scope of his jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive NICHOLAS SEGURA of his federally

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

1  protected rights and privileges, and did in fact violate the aforementioned rights and

2  privileges, thereby warranting punitive and exemplary damages against DOE 1 in an

3  amount to be proven at the trial of this matter.

4      26.    As a direct and proximate result of the wrongful, intentional, and malicious

5  acts and omissions of DOE 1, NICHOLAS SEGURA was shot and killed on November

6  27, 2020, and suffered great mental and physical pain, suffering, anguish, fright,

7  nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension,

8  and loss of enjoyment of life prior to his death, all to his damage in a sum to be

9  determined at trial.

10     27.    As a further proximate result of the wrongful, intentional, and malicious

11  acts and omissions of DOE 1, NICHOLAS SEGURA was required to employ, health

12  care providers and/or medical practitioners to examine, treat, and care for him, and

13  incurred expenses for emergent medical services and medical treatment and care prior to

14  his death in an amount according to proof at trial.

15     28.    Plaintiffs are entitled to and hereby demand costs, attorneys' fees, and

16  expenses pursuant to 42 U.S.C. § 1988. For such other and further relief as the Court

17  deems just and proper.

### FOR THE SECOND CAUSE OF ACTION
**By Plaintiffs MARIA SEGURA, and MANUEL SEGURA, individually,
And as Successors in Interest to NICHOLAS SEGURA
Against DOE 1 For Violations of Civil Rights
[42 U.S.C. §1983]
(Based on Substantive Due Process Violations)**

24     29.    Plaintiffs restate and incorporate by reference the foregoing paragraphs of

25  this Complaint as if set forth in full at this point.

26     30.    This cause of action is to redress rights secured to MARIA SEGURA and

27  MANUEL SEGURA, as well as decedent NICHOLAS SEGURA through the

28  Fourteenth Amendment to United States Constitution, and the provisions therein

THE COCHRAN FIRM - CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

protecting citizens' constitutional rights to be free from invasions of privacy and from unwarranted governmental deprivations into their rights of association with their family members.

31.     In shooting and killing Plaintiffs' decedent, as described herein, DOE 1 acted in a manner unrelated to any legitimate law enforcement objective, and the manner in which DOE 1 shot killed NICHOLAS SEGURA, when he posed no reasonable threat of violence to him, would be considered to shock the conscience, considering the gratuitous and unnecessary amount of deadly force employed by DOE 1. Moreover, the circumstances faced by DOE 1 allowed ample time for DOE 1 to deliberate as to the propriety of his actions prior to using deadly force, and before making the conscious decision to continue to use deadly force, which was not a snap judgment. Notwithstanding this DOE 1 nevertheless made the deliberate decision to fire, and continue to fire, multiple rounds at MR. SEGURA in an unlawful manner as described herein.

32.     Plaintiffs are informed, believe, and thereon allege that in unreasonably seizing the person of NICHOLAS SEGURA, as described in the foregoing paragraphs of this Complaint, DOE 1 acted outside the scope of his jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive NICHOLAS SEGURA of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against DOE 1 in an amount to be proven at the trial of this matter.

33.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of DOE 1, NICHOLAS SEGURA was shot and killed on November 27, 2020, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension,

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

1 and loss of enjoyment of life prior to his death, and loss of the value of his life, all to his

2 damage in a sum to be determined at trial.

3     34.     As a further proximate result of the wrongful, intentional, and malicious

4 acts and omissions of DOE 1, NICHOLAS SEGURA was required to employ, health

5 care providers and/or medical practitioners to examine, treat, and care for him, and

6 incurred expenses for emergent medical services and medical treatment and care prior to

7 his death in an amount according to proof at trial.

8     35.     Plaintiffs are entitled to and hereby demand costs, attorneys' fees, and

9 expenses pursuant to 42 U.S.C. § 1988. For such other and further relief as the Court

10 deems just and proper.

**FOR THE THIRD CAUSE OF ACTION**
**By Plaintiffs MARIA SEGURA, and MANUEL SEGURA, individually,**
**And as Successors in Interest to NICHOLAS SEGURA**
**Against DOE 1 For Violations of Civil Rights**
**[Cal Civ. Code Section 52.1]**
**(Based on Civil Rights Violations)**

15     36.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of

16 this Complaint as if set forth in full at this point.

17     37.     This cause of action is to redress rights afforded to NICHOLAS SEGURA

18 under Cal Civ. Code Section 52.1.

19     38.     As described in the foregoing paragraphs of this Complaint, in detaining

20 MR. SEGURA in an unreasonable manner, and later inflicting deadly force on multiple

21 occasions, when the repeated instances of which were unnecessary and unjustified, DOE

22 1 used excessive force on multiple occasions, independent of the coercion inherent in

23 the detention as well as in the uses of deadly force which occurred after DOE 1 fired a

24 round, or rounds, at MR. SEGURA.

25     39.     As a direct and proximate result of the wrongful, intentional, and malicious

26 acts and omissions of DOE 1, NICHOLAS SEGURA was shot and killed on November

27 27, 2020, and suffered great mental and physical pain, suffering, anguish, fright,

28 nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension,

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

1  and loss of enjoyment of life prior to his death, all to his damage in a sum to be

2  determined at trial.

3      40.    As a further proximate result of the wrongful, intentional, and malicious

4  acts and omissions of DOE 1, NICHOLAS SEGURA was required to employ, health

5  care providers and/or medical practitioners to examine, treat, and care for him, and

6  incurred expenses for emergent medical services and medical treatment and care prior to

7  his death in an amount according to proof at trial.

8      41.    Plaintiffs are entitled to and hereby demand costs, attorneys' fees, and

9  expenses pursuant to Cal. Civ. Code Section  57.1, et seq.

**FOR THE FOURTH CAUSE OF ACTION**
**(By Plaintiffs MARIA SEGURA and NICHOLAS SEGUTRA**
**Against all Defendants for Wrongful Death**
**[Cal. Government Code §§ 815.2(a), 820(a)])**
**(Based on Battery)**

14      42.    Plaintiffs restate and incorporate by reference the foregoing paragraphs of

15  this Complaint as if set forth in full at this point.

16      43.    All claims asserted herein against the Defendant CITY are presented

17  pursuant to the Defendant CITY'S vicarious liability for acts and omissions of

18  municipal employees undertaken in the course and scope of their employment pursuant

19  to California Government Code §§ 815.2(a) and 820(a).

20      44.    During the subject incident, Plaintiffs' decedent, NICHOLAS SEGURA,

21  was present on or around the premises of the 2300 block of Adams Street, in the City of

22  San Bernardino, when DOE 1, while acting under color of law and in the course and

23  scope of their employment with the Defendant CITY and the San Bernardino Police

24  Department, negligently addressed the circumstances presented to them, and then

25  violently confronted NICHOLAS SEGURA, without having probable cause or

26  reasonable suspicion to believe that NICHOLAS SEGURA had committed a crime, or

27  would commit a crime in the future. Without warning, DOE 1 proceeded to assault and

28  batter NICHOLAS SEGURA by acts which included, but were not limited to repeatedly

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

and unjustifiably discharging his department-issued firearm at the person of NICHOLAS SEGURA, inflicting multiple gunshot wounds, which proved to be fatal.

45.     As a direct and proximate result of the above-mentioned conduct of DOE 1, NICHOLAS SEGURA was shot on November 27, 2020. After surviving for an appreciable period of time following the shooting, NICHOLAS SEGURA died as a direct and proximate result of the gunshot wounds inflicted upon his person by DOE 1.

46.     At no time during the course of these events did NICHOLAS SEGURA pose any immediate threat of death or serious bodily injury to DOE 1, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he shot dead, NICHOLAS SEGURA made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable peace officer that he was armed with any kind of weapon, or had the will, or the ability, to inflict substantial bodily harm upon any individual. Both prior to and during the time in which DOE 1 shot and killed NICHOLAS SEGURA, DOE 1 were not faced with any circumstances which would have lead a reasonable police officer to believe that NICHOLAS SEGURA posed and immediate threat of death or serious bodily injury to any person.

47.     Plaintiffs are informed, believe, and thereon allege that in shooting NICHOLAS SEGURA, as described in the foregoing paragraphs of this Complaint, DOE 1 acted outside the scope of their jurisdictions and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive NICHOLAS SEGURA of his protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive damages against DOE 1 in an amount to be proven at the trial of this matter.

48.     As a direct and proximate result of the above-described conduct of DOE 1, and the ensuing death of NICHOLAS SEGURA, all Plaintiffs herein, has sustained substantial economic and non-economic damages resulting from the loss of the love,

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone · (323) 282-5280 Facsimile

companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, and financial support of NICHOLAS SEGURA in an amount according to proof at trial.

49.    As a further proximate result of the above-described conduct of DOE 1, and the ensuing death of NICHOLAS SEGURA, Plaintiffs have incurred funeral and burial expenses in an amount according to proof at trial.

## FOR THE FIFTH CAUSE OF ACTION
### (By Plaintiffs MARIA SEGURA and NICHOLAS SEGURZA
### Against all Defendants for Wrongful Death
### [Cal. Government Code §§ 815.2(a), 820(a)])
### (Based on Negligence)

50.    Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

51.    All claims asserted herein against the Defendant CITY are presented pursuant to the Defendant CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

52.    At approximately 1:30 p.m. on November 27, 2020, Plaintiffs' decedent NICHOLAS PRIMO SEGURA, was on or around the premises of the 2300 block of Adams Street, in the City of San Bernardino, when DOE 1, while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the San Bernardino Police Department, negligently assessed the circumstances presented to them, and then violently confronted Plaintiffs' decedent, NICHOLAS SEGURA, without having probable cause or reasonable suspicion to believe that NICHOLAS SEGURA had committed a crime, or would commit a crime in the future. Without warning, DOE 1 proceeded to negligently discharge their department-issued firearms at the person of NICHOLAS SEGURA, inflicting multiple gunshot wounds, which proved to be fatal. After a significant and appreciable period of time had passed

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone · (323) 282-5280 Facsimile

1   following the shooting, NICHOLAS SEGURA died as a direct and proximate result of

2   the gunshot wounds negligently inflicted upon his person by DOE 1.

3       53.    At no time during the course of these events did NICHOLAS SEGURA

4   pose any immediate threat of death or serious bodily injury to DOE 1, nor did he do

5   anything to justify the force used against him, and the same was deadly, excessive,

6   unnecessary, and unlawful. Both prior to and during the time in which he was fatally

7   shot, NICHOLAS SEGURA was not armed with any kind of weapon, and posed no

8   immediate threat of death or serious bodily injury to DOE 1, nor to any other individual.

9   Both prior to and during the time in which he was shot dead, NICHOLAS SEGURA

10  made no aggressive movement, furtive gestures, or physical movements which would

11  suggest to a reasonable peace officer that he was armed with any kind of weapon, or had

12  the will, or the ability, to inflict substantial bodily harm upon any individual. Both prior

13  to and during the time, in which DOE 1 shot and killed NICHOLAS SEGURA, DOE 1,

14  were not faced with any circumstances which would have lead a reasonable peace

15  officer to believe that NICHOLAS SEGURA posed an immediate threat of death or

16  serious bodily injury to any person.

17      54.    Plaintiff's are informed, believe, and thereon allege that on and before

18  November 27, 2020, DOE 1 had a duty to exercise the reasonable and ordinary care

19  which would be expected of similarly situated peace officers in the use of deadly force,

20  and a duty to exercise the reasonable and ordinary care which would be expected of

21  similarly situated peace officers in the execution of police tactics and police procedures

22  in approaching and/or detaining or arresting civilians and suspects who do not pose an

23  immediate threat of death or serious bodily harm to any person. Notwithstanding each

24  of these duties, DOE 1 failed to exercise reasonable and ordinary care in committing the

25  acts alleged herein, by actions and inactions which include, but are not limited to,

26  negligently failing to utilize additional departmental resources during the incident

27  involving NICHOLAS SEGURA, negligently failing to utilize available forms of cover

28  during the incident involving NICHOLAS SEGURA, negligently failing to maintain a

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

1 position of tactical advantage during the incident involving NICHOLAS SEGURA,

2 negligently failing to communicate and/or effectively communicate with NICHOLAS

3 SEGURA, and with other departmental personnel and resources, during the incident

4 involving NICHOLAS SEGURA, negligently failing to utilize and/or appropriately

5 utilize less lethal force options and other alternatives less intrusive than deadly force

6 during the incident involving NICHOLAS SEGURA, negligently failing to deescalate

7 the situation involving NICHOLAS SEGURA, negligently employing a tactical

8 response to the situation involving NICHOLAS SEGURA that resulted in the

9 unnecessary and preventable shooting of NICHOLAS SEGURA, negligently failing to

10 determine the fact that NICHOLAS SEGURA posed no immediate threat of death or

11 serious bodily injury to any person when he was shot and killed, negligently inflicting

12 physical injury upon NICHOLAS SEGURA, as described herein, and negligently

13 employing deadly force against NICHOLAS SEGURA when the same was unnecessary

14 and unlawful. All of these negligent acts proximately cause NICHOLAS SEGURA'S

15 death on November 27, 2020.

16      55.    As a proximate result of the above-described conduct of the Defendants,

17 and each of them, NICHOLAS SEGURA was shot and killed on November 27, 2020.

18      56.    As a direct and proximate result of the above-described conduct of the

19 Defendants, and each of them, and the ensuing death of NICHOLAS SEGURA ,

20 Plaintiffs' herein, has sustained substantial economic and non-economic damages

21 resulting from the loss of the love, companionship, comfort, care, assistance, protection

22 affection, society, moral support, training, guidance, services, earnings, and financial

23 support of NICHOLAS SEGURA in an amount according to proof at trial.

24

25 **FOR THE SIXTH CAUSE OF ACTION**

26 **By ALL PLAINTIFFS, Against ALL DEFENDANTS**
**[Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43]**

27 **(Based on Negligent Infliction of Emotional Distress)**

28

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

57.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

58.     All claims asserted herein against the Defendant CITY are presented pursuant to the Defendant CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

59.     When the shooting of NICHOLAS SEGURA OCCURRED, Plaintiff MARIA SEGURA, decedent's mother, Plaintiff MANUEL SEGURA, decedent's father, and Plaintiff VICTOR SEGURA, decedent's brother, were all present at the location of the shooting, heard, saw, and otherwise were made aware the shooting at the moment that it occurred, and have suffered extreme emotional distress upon witnessing their close family member being killed, and are entitled to recover commensurate damages for emotional distress.

## FOR THE SEVENTH  CAUSE OF ACTION
### By ALL PLAINTIFFS, Against ALL DEFENDANTS
### [42 U.S.C., § 1983]
### [Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code §§  43, 52.1]
### (Based on False Arrest and Imprisonment)

60.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

61.     This Cause of Action is brought under the combined authority of 42 U.S.C., Section 1983, and applicable provisions of California State Law, including, but not limited to, the provisions of Cal Civ. Code, Section 52.1.

62.     All claims asserted herein against the Defendant CITY are presented pursuant to the Defendant CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

63.     In the immediate aftermath of this incident, ALL PLAINTIFFS were intentionally deprived of their movement by use of force, and the implied threat of force

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone · (323) 282-5280 Facsimile

by officers of the City of San Bernardino Police Department, and were taken and transported to the police station of the City of San Bernardino Police Department from their residence involuntarily and against their will in police vehicles, and subsequently detained for an unreasonable period of time at the San Bernardino Police Department, resulting in deprivations of civil rights, and mental and emotional distress, pain, and suffering, in amount to be determined according to proof at the trial of this matter, as well as attorneys' fees due to them under the applicable state and federal civil rights statutes.

64.     Plaintiffs further assert their entitlement to punitive damages under this cause of action, on grounds articulated in the foregoing paragraphs of this Complaint.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1.     For funeral and burial related expenses according to proof at trial;

2.     For compensatory damages, including wrongful death damages and surviving damages, in an amount according to proof at trial;

3.     For costs of suit incurred herein;

4.     For attorneys' fees incurred herein, as provided by law;

5.     For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and

6.     For such other and further relief as the Court deems just and proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

**JURY DEMAND**

    Plaintiff hereby demands that a jury be impaneled for the trial of this matter.

DATED: February 14, 2022      Respectfully submitted,

                         **THE COCHRAN FIRM CALIFORNIA**

                         By:  /s/ Brian T. Dunn
                                BRIAN T. DUNN
                                Attorneys for Plaintiffs

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

[ATTACHMENTS]

**DECLARATION OF MARIA SEGURA**

1.      The decedent's name who is the subject of this action for wrongful death is NICHOLAS SEGURA.

2.      On May 1, 2020, NICHOLAS SEGURA lost his life as a result of injuries sustained in an officer-involved shooting occurring at or around 2394 Adams Street, in the City of San Bernardino

3.      No proceeding is now pending in California for the administration of the decedent's estate.

4.      I am the decedent's successors in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the within action.

5.      No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:   February 12, 2022

                                        _____
                                        MARIA SEGURA, declarant

**DECLARATION OF MANUEL SEGURA**

1.      The decedent's name who is the subject of this action for wrongful death is NICHOLAS SEGURA.

2.      On May 1, 2020, NICHOLAS SEGURA lost his life as a result of injuries sustained in an officer-involved shooting occurring at or around 2394 Adams Street, in the City of San Bernardino

3.      No proceeding is now pending in California for the administration of the decedent's estate.

4.      I am the decedent's successors in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the within action.

5.      No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:   February 12, 2022            _____
                                                            MANUEL SEGURA, declarant

Jan 13 21,04:57p          nor                                    9093526797                              p.1

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY of SAN BERNARDINO
### DEPARTMENT OF PUBLIC HEALTH
351 N. MT. VIEW AVENUE, SAN BERNARDINO, CALIFORNIA 92415-0010

**CERTIFICATE OF DEATH**

3202036016239

| | | |
|---|---|---|
| 1. NAME OF DECEDENT—FIRST (Given): NICOLAS | MIDDLE | 3. LAST (Given): SEGURA |

AKA, ALSO KNOWN AS— | 4. DATE OF BIRTH: 08/27/1993 | 5. AGE Yrs: 27 | 7. SEX: M

7. BIRTH STATE/FOREIGN COUNTRY: CA | 8. SOCIAL SECURITY NUMBER: 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 | EVER IN U.S. ARMED FORCES? [X] NO | MARITAL STATUS: NEVER MARRIED | DATE OF DEATH: 11/28/2020 | HOUR: 0634

EDUCATION: GED | DECEDENT'S RACE: MEXICAN AMERICAN | DECEDENT'S RACE: MEXICAN AMERICAN

USUAL OCCUPATION: LABOR | LABORER | YEARS IN OCCUPATION: 0

DECEDENT'S RESIDENCE: 2394 ADAMS ST.

CITY: SAN BERNARDINO | COUNTY/PROVINCE: SAN BERNARDINO | ZIP CODE: 92407 | YEARS IN COUNTY: 14 | STATE/FOREIGN COUNTRY: CA

INFORMANT'S NAME: MANUEL SEGURA, FATHER | 2394 ADAMS ST., SAN BERNARDINO, CA 92407

NAME OF SURVIVING SPOUSE/SRDP—FIRST | MIDDLE | LAST (BIRTH NAME)

NAME OF FATHER/PARENT—FIRST: MANUEL | MIDDLE | LAST: SEGURA BARAJAS | BIRTH STATE: MEXICO

NAME OF MOTHER/PARENT—FIRST: MARIA | MIDDLE: G. | LAST BIRTH NAME: REYNAGA ANACLETO | BIRTH STATE: MEXICO

DISPOSITION DATE: 12/12/2020 | PLACE OF FINAL DISPOSITION: QUEEN OF HEAVEN CEMETERY, 2181 FULLERTON RD, ROWLAND HEIGHTS, CA 91748

TYPE OF DISPOSITION: BU | SIGNATURE OF EMBALMER: SCOTT MCAULAY | EMB7527

NAME OF FUNERAL ESTABLISHMENT: LEGACY OF MEMORIES FUNERAL HOME | FD2407 | SIGNATURE OF LOCAL REGISTRAR: MICHAEL A SEQUEIRA, MD | 12/10/2020

PLACE OF DEATH: ARROWHEAD REGIONAL MEDICAL CENTER | IF HOSPITAL, SPECIFY ONE: [X] ER/Outpatient

CITY: SAN BERNARDINO | FACILITY ADDRESS: 400 N PEPPER AVE | CITY: COLTON

CAUSE OF DEATH: MULTIPLE GUNSHOT WOUNDS | 702009794

OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH: NONE

BIOPSY PERFORMED? NO

PLACE OF INJURY: PORCH

DESCRIBE HOW INJURY OCCURRED: SHOT DURING LAW ENFORCEMENT INTERVENTION.

DATE OF INJURY: 11/27/2020 | HOUR: 2339

LOCATION OF INJURY: 2394 ADAMS STREET, SAN BERNARDINO, CA 92407

SIGNATURE OF CORONER/DEPUTY CORONER: STEVEN PENNINGTON | DATE: 12/09/2020 | STEVEN PENNINGTON, DEP CORONER

## CERTIFIED COPY OF VITAL RECORD

STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO } SS          DATE ISSUED

This is a true and exact reproduction of the document officially registered and placed on file in the VITAL RECORDS SECTION, SAN BERNARDINO DEPARTMENT OF PUBLIC HEALTH.

MAXWELL OHIKHUARE, M.D.
COUNTY HEALTH OFFICER
REGISTRAR OF VITAL STATISTICS

DEC 2 2 2020

*002874619*

This copy not valid unless prepared on engraved border displaying the date, seal and signature of registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE